**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| JAMES R. AUGUSTINE, | ) | No. CV 10-9639-MMM(CW) |
| | ) | |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING |
| | ) | PETITION WITHOUT PREJUDICE |
| v. | ) | |
| | ) | |
| FAKHOURI, | ) | |
| | ) | |
| Respondent. | ) | |

This Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.," docket no. 1) was filed on December 15, 2010. The pro se petitioner is a prisoner in state custody pursuant to a conviction in this district. [Petition ("Pet.") at 2.] Petitioner indicates that he was convicted and sentenced on June 30, 2010, in Los Angeles County Superior Court Case No. MA049165. [Id.] He also brought a habeas petition in that court, but did not pursue either direct appeal or collateral review in the California Court of Appeal or the California Supreme Court. [Id. at 2-6.] Petitioner's claims address the legality of his conviction, but it is clear, on the face of the petition, that he has not exhausted them.

**SUMMARY DISMISSAL**

The court need neither grant a writ of habeas corpus nor order an answer to a habeas petition if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254. "[I]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge." Local Civil Rules (C.D. Cal.), L.R. 72-3.2.

**FAILURE TO EXHAUST STATE COURT REMEDIES**

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); see also 28 U.S.C. § 2254(b)-(c); King v. Ryan, 564 F.3d 1133, 1138 (9th Cir. 2009). For a California prisoner, this generally means that the petitioner's claims must have been fairly presented in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999)(applying O'Sullivan to California). A claim has been fairly presented if a petitioner has "adequately described the factual basis for [the] claim," and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888 (citing Gray v. Netherland, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); see also Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct.

1  887, 130 L. Ed. 2d 865 (1995) (per curiam); Picard v. Connor, 404 U.S.
2  270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)).

### CONCLUSION

Here, Petitioner has, admittedly, not presented any claims to the California Supreme Court.  There is no evident reason why he cannot do so, and then return to this court if appropriate and necessary.  It is clear that petitioner is not entitled to federal habeas corpus relief and that the petition is subject to summary dismissal.

### ORDERS:

It is therefore **ORDERED** as follows:

1. The petition is **DISMISSED** without prejudice, and judgment shall be entered accordingly.

2. The clerk shall serve the order and judgment herein on Petitioner.

DATED: January 13, 2011

_____
MARGARET M. MORROW
United States District Judge

Presented by:

Dated: January 5, 2011

_____
CARLA M. WOEHRLE
United States Magistrate Judge